UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

Anthony Ward,

         *Petitioner*,

      -*against*-

William Lee,

         *Respondent*.

----------------------------------X

**<u>MEMORANDUM & ORDER</u>**

19-CV-03986 (KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

      Petitioner Anthony Ward ("Petitioner"), proceeding *pro se*, filed this petition for a writ of *habeas corpus* on July 3, 2019, challenging the constitutionality of his 2010 state court conviction in the Supreme Court of Nassau County, for burglary in the first degree, assault in the second degree, petit larceny, and resisting arrest.  (ECF No. 1, Petition for Writ of *Habeas Corpus* ("Pet."); ECF No. 7, Affidavit and Memorandum of Law in Opposition to Petition for Writ of *Habeas Corpus* ("Opp."))  In 2011, Ward was sentenced to concurrent terms of imprisonment, the longest of which was twenty-two and one-half years to life.  (ECF No. 7-22, Sentencing Hearing Minutes at 16.)  The petitioner asserts that the conviction violated his constitutional rights because (1) the state court erred in its consideration of whether petitioner's rights under the Fourth Amendment were violated, (2) the New York Appellate Division

1

erred in finding that an unduly suggestive showup[1] was harmless error, (3) the state court erred in rejecting petitioner's claim that the prosecution knowingly entered perjured testimony, (4) petitioner received ineffective assistance of trial counsel, (5) the people committed a prejudicial discovery violation, (6) the indictment was improperly amended and (7) the verdict at trial was against the great weight of evidence.  (Pet. at 2-4.) William Lee, the nominal respondent ("respondent"), opposes the motion as not cognizable, procedurally barred, and without merit.  (*See generally*, Opp.)  The court agrees.  For the foregoing reasons, the petition is respectfully denied in its entirety.

<u>**BACKGROUND**</u>

## I.  **Factual Background**

Petitioner was convicted in connection with a burglary committed on the evening of September 10, 2009.  (Opp. ¶¶ 1-7.) Paulina Cuestas, the victim of the crime, walked into her bedroom and saw petitioner holding her purse.  (ECF No 7-6, Trial Transcript, 725, 728, 730.)[2]  Petitioner quickly exited

---

[1] "A show-up is an identification procedure in which, unlike in a lineup or photo array, the suspect is presented singly to the crime victim."  Michael D. Cicchini & Joseph G. Easton, <u>Reforming the Law on Show-Up Identifications</u>, 100 J. Crim. L. & Criminology 381 (2010).

[2] The trial transcript is available on the docket at ECF Nos. 7-4, 7-5, 7-6, and 7-7, and continuously paginated from pages 1 - 1162.  The court will hereinafter reference the transcript by the caption "Tr."

2

through the window and Mrs. Cuestas screamed. (Tr. 725, 728, 730.)  William Cuestas, Paulina Cuestas' husband, upon hearing his wife's screams, entered the bedroom and looked out the window. (*Id.* 798-799.)  Shortly after hearing his wife's screams, Mr. Cuestas told his son to call the police. (*Id.* 747-748.)  He then went outside, where he saw a ladder abutting the window as well as a cell phone, the purse, a screw driver and a bicycle lying on the ground. (*Id.* 747, 798-799, 802.)  He picked up the cell phone and placed it on the windowsill. (*Id.* 802-04.)

      Minutes after responding to the Cuestas' 911 call, two police officers saw petitioner a few blocks away from the scene of the crime, and matched him to the description provided by Mrs. Cuestas. (Tr., 392, 525-526, 751.)  The petitioner attempted to run away from the officers, and when the police officers were able to apprehend petitioner, he fought the officers, screaming, punching, kicking and biting one of them in an attempt to escape. (*Id.* 361, 363-64, 398-402, 528-30, 560-68, 586-94, 630-641 645, 657-61.)  One of the arresting officers, Officer Collins, suffered injuries while making the arrest, caused by multiple punches and bites delivered by

---

The transcript for pre-trial proceedings, a suppression hearing, is available at ECF Nos. 7-2 and 7-3.

petitioner.  (*Id*. 586-94, 600-03, 630-641, 647-49; ECF No. 7-14, *People v. Ward,* Decision and Order dated April 23, 2014.)

As soon as the officers arrested petitioner, they brought Mrs. Cuestas to the scene of the arrest.  (ECF No. 7-14, *People v. Ward,* Decision and Order dated April 23, 2014.)  The officers asked Mrs. Cuestas if she recognized petitioner, but Mrs. Cuestas' was crying uncontrollably and did not try to identify petitioner.  (Tr. 734-38, 748-54, 758-64.) Approximately thirty minutes later, Mrs. Cuestas was escorted back to the scene of the arrest.  (*Id*. 483-485, 734-38.) Petitioner was brought within 30 feet of defendant and his face was illuminated, upon which time Mrs. Cuestas gave a positive identification.  (*Id*.)  Petitioner was handcuffed and restrained by police officers at the time of the showup.  (*Id*. 482-485; ECF No. 7-14 at 1-2.)

Mr. Cuestas told officers at the scene that the cell phone discovered in his yard was not his.  (Tr. 802.)  The serial number on the phone was registered with petitioner according to his cell phone provider.  (*Id*. 352-54.)  An amount just short of $500 was found missing from Mr. Cuestas' wallet, which had been in the bedroom.  (*Id*. 805-807.)  Petitioner was arrested with $495 in cash on his person.  (*Id*. 663-65.)

Following a jury trial in New York Supreme Court for Nassau County, defendant was convicted on October 6, 2010 of

4

burglary in the first degree, assault in the second degree, petit larceny and resisting arrest.  (Tr. 1152-1156; Opp.¶ 7.) On March 8, 2011 he was sentenced, as a repeat violent felony offender, to twenty-two years and a half year to life imprisonment.  (ECF No. 7-22, Sentencing Hearing Minutes at 16.)

## II.  Motion to Set Aside the Verdict

After the verdict, but prior to sentencing, a prosecutor who had tried the case found a copy of the crime scene report.  This copy, unlike the one which had been previously disclosed to the defense, included a handwritten note about the cell phone recovered from the Cuestas' yard. The handwritten text read, "Opened on 9/29/10 as per Det. Howe to check serial: M.T."  (ECF No. 7-23, Defendant's § 440 Motion, Ex. L; ECF No. 7-8, Defendant's § 330 Motion, Ex. H; ECF No. 10-3, Petitioner's traverse, Ex. L.)  The note showed that a police officer removed the back of the telephone and the battery within in order to view the serial number.  (*Id*.)  After the prosecutor discovered the copy with the note, she turned the copy over to the defense.  (ECF No. 7-8, Defendant's § 330 Motion, ¶ 15.)

Upon receiving the crime scene report with the handwritten note, petitioner filed a motion to set aside the verdict pursuant to New York Criminal Procedure Law 330.30 for newly discovered evidence.  (ECF No. 7-8 at 1-13.)  Petitioner argued that the prosecution failed to properly disclose the copy

5

of the crime scene report and that the removal of the battery pack of the cell phone to view the serial number constituted an unconstitutional search under the Fourth Amendment. (*Id.*)  The People argued that the cell phone had been abandoned in the yard and as a result there was no search under the Fourth Amendment. (ECF No. 7-9 ¶ 12.)  Moreover, the People argued that the timing of the discovery of the serial number was immaterial to the verdict.  (*Id.* ¶ 11.) Petitioner also moved that the amendment of the burglary count of the indictment was erroneously allowed and that the verdict was against the great weight of the evidence. (ECF No. 7-8 ¶¶ 7-12.)  The court denied the motion. (ECF No. 7-10, *People v. Ward,* Order dated February 8, 2011.)

## III.  The Direct Appeal

On June 21, 2011 petitioner appealed his verdict to the New York Supreme Court, Appellate Division, Second Department ("Appellate Division").  (*See* ECF No. 7-11.) Petitioner sought to reverse his conviction on the basis that the showup was unduly suggestive, the identification at trial was erroneously admitted, the people failed to disclose a document, the opening of the phone to view the serial number was unconstitutional, there was no factual support for the People's assertion that the phone was abandoned, the amendment of the indictment was erroneously allowed and that the verdict was against the great weight of the evidence. (*See Id.* at 29-95;

ECF No. 7-12 at 22-63; ECF No. 7-13 at 4-29.)  Petitioner pointed to his own testimony at trial, which alleged that the police lied about discovering the cell phone in the Cuestas' yard, and had instead found it on his person during the arrest. (*See* ECF No. 7-11 at 24.)  He also recounted testimony that the clothing he was arrested in did not exactly match the description given by Mrs. Cuestas.  (*See Id*. at 18-21; 90-2.)  On April 23, 2014, the Appellate Division affirmed the judgement.  (ECF No. 7-14.)

The Appellate Division ruled that the complainant's description of the petitioner was properly admitted into evidence.  (ECF No. 7-14 at 2.)  However, the court also ruled that Mrs. Cuestas' showup identification and in-court testimony surrounding the showup should not have been admitted.  (*Id*.)  The showup was carried out "in close geographic and tumoral proximity to the crime," the defendant was handcuffed and in the presence of police officers and stood alone.  (*Id*. at 3.)  In addition, Mrs. Cuestas was given two separate opportunities to identify the perpetrator and an arresting officer admitted "[t]here was no rush" to make the identification.  (*Id*. at 3.)  Despite the exclusion of the showup and identification testimony" the court found the error was "harmless beyond a reasonable doubt" given that the other evidence was "overwhelming."  (ECF No. 7-14 at 3 (citing *People v. Crimmins,*

36 N.Y.2d 230, 237 (1975)).)  The court also ruled that the nondisclosure of the copy crime scene report with the handwritten note "does not warrant reversal, since [petitioner] failed to show that there was a 'reasonable possibility that the non-disclosure materially contributed to the result of the trial.'"  (*Id.* (quoting C.P.L. § 240.75).)  In making its decision the Appellate Division observed that, "[petitioner] who matched the complainant's description of the perpetrator, was apprehended in close proximity to the scene of the crime, after demonstrating consciousness of guilt by fleeing from police officers and engaging in a violent struggle with them. The wad of cash recovered from his person was similar to the amount stolen from the complainant's husband's wallet. In addition, the defendant's cell phone was recovered from the complainant's backyard." (*Id.*)

On May 7, 2014 petitioner moved for leave to appeal to the New York Court of Appeals ("Court of Appeals"), where he repeated his previous arguments.  (ECF No. 7-18.)  After the Supreme Court's ruling in *Riley v. California* in which the Court ruled that police are required to obtain a warrant before searching a suspect's cell phone, petitioner added an argument that *Riley* obligated the Court of Appeals to find his phone had been improperly searched.  (ECF No. 7-20; *Riley v. California*, 573 U.S. 373, 134 S. Ct. 2473 (2014).)  The Court of Appeals

denied leave to appeal.  (ECF No. 7-21, *People v. Ward,* Order Denying Leave dated August 12, 2014.)

## IV.   Petitioner's Motion to Reargue Appeal

On November 17, 2014 petitioner sought permission from the Appellate Division to reargue his appeal, pursuant to C.P.L. § 470.50(1) and 22 N.Y. Compl. Codes R & Regs. ("N.Y.C.R.R.") tit. 14, §670.6(a).[3]  (ECF No. 7-15.)  Petitioner claimed that *Riley* applied retroactively and would have changed the Appellate Division's original decision, that the Appellate Division misapprehended issues of law and fact, and that the court's original finding of "harmless error" was unreasonable.  (*See Id.*)  The People opposed the motion, arguing that petitioner had missed the filing deadline by four months and that petitioner's arguments under *Riley* had already been addressed in his application for leave to appeal to the Court of Appeals.  (*See* ECF No. 7-16 ¶¶ 10-11.)  The Appellate Division denied petitioner's motion to reargue.  (ECF No. 7-17, *People v. Ward,* Decision and Order dated April 6, 2015.)

## V.   440.10 Motion

---

[3] Under C.P.L. § 470.50(1), "[a]fter its determination of an appeal taken pursuant to article four hundred fifty, an appellate court may in its discretion, upon motion of a party adversely affected by its determination, or upon its own motion, order a reargument or reconsideration of the appeal." The rules in the Second Department provide that such motions be made "within 30 days after service of a copy of the decision and order determining the cause or motion, with notice of its entry." 22 N.Y.C.R.R. § 670.6(a).

On November 4, 2014, petitioner filed motion to vacate his conviction and sentence pursuant to C.P.L. § 440.10. (ECF No. 7-23.) Petitioner claimed that the police violated his rights by opening the back of his cell phone without a warrant and that the prosecutor knowingly entered or relied on false testimony and that he received ineffective assistance of counsel. (*Id*. ¶¶ 30-39; 48-58.) Petitioner repeated his argument that *Riley* retroactively applied to his case and, as a result, police had clearly illegally searched of his phone. (*Id*. ¶¶ 28-39.) The People opposed this motion claiming that "review by this Court [the Nassau County Supreme Court] is precluded by statute [C.P.L. § 440.10(2)(a)], but even if review were permissible, defendant's argument would not warrant relief." (ECF No. 7-24 at 4.)

The Nassau County Supreme Court found that petitioner's claim was procedurally barred because it had been made on direct appeal. (ECF No. 7-25, *People v. Ward,* Decision and Order dated May 27, 2015; *see* C.P.L. § 440.10(2)(a).) Section 440.10(2)(a) requires denial when the issue raised in the motion has been previously ruled on the merits upon an appeal from judgment. (*Id*.) Petitioner's claim that a police officer opened his cell phone to see the serial number, and therefore violated his Fourth Amendment rights, though not addressed in the Appellate Division, was held to be without

merit.  (ECF No. 7-25, *People v. Ward,* Decision and Order dated
May 27, 2015.) The court also ruled that the claim that the
prosecutor knowingly permitted perjured testimony was
procedurally barred as petitioner failed to raise it on direct
appeal.  (*Id*; C.P.L. § 440.10(2)(c).)  Finally, the Court found
that petitioners claim of ineffective assistance of counsel was
meritless.  (*Id*. at 2-3.)

Petitioner appealed the denial of his motion to vacate
to the Appellate Division.  (*See* ECF No. 26; ECF No. 27.)  In
his briefs, petitioner repeated the arguments he had presented
to the Supreme Court.  (ECF No. 26; ECF No. 27; ECF No. 7-30)
Petitioner did not dispute the fact that the issue raised in his
previous motion had been determined on the merits on direct
appeal; rather, he claimed that since the Appellate Division's
previous ruling, *Riley* retroactively applied.  (ECF No. 7-33,
*People v. Ward,* Decision and Order dated February 13, 2019.)
The Appellate Division ruled that *Riley* was inapplicable because
examining a phone for its serial number was not digital search.
(*Id*.)  The court dismissed defendant's remaining points as
meritless and denied plaintiff's motion to vacate.  (*Id*. at 3.)
Petitioner sought leave to appeal to the Court of Appeals, which
was denied.  (ECF No. 7-37, *People v. Ward,* Order Denying Leave
dated April 16, 2019.)

## VI.  Petition for Habeas Relief

On July 3, 2019 petitioner filed the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. (*See generally* Pet.)  The petitioner asserts his conviction violated his constitutional rights because: (1) the state court erred in its consideration of whether petitioner's rights under the Fourth Amendment were violated, (2) the New York Appellate Division erred in finding that an unduly suggestive showup was harmless error, (3) the state court erred in rejecting petitioner's claim that the prosecution knowingly entered perjured testimony, (4) petitioner received ineffective assistance of trial counsel, (5) the people committed a prejudicial discovery violation, (6) the indictment was improperly amended and (7) the verdict at trial was against the great weight of evidence.  (Pet. 2-4.) On November 22, 2019, respondent filed an affidavit and memorandum of law in opposition to the petition, arguing that petitioner's claims are procedurally barred and entirely without merit.  (*See generally* Opp.)  Petitioner replied on December 30, 2019 (ECF. No 10.)

## **LEGAL STANDARD**

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of *habeas corpus* by a person in custody pursuant to a state court judgment may only be brought

on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A *habeas* petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see also Johnson v. Williams*, 568 U.S. 289 (2013).

For the purposes of federal *habeas* review, "clearly established law" is defined as "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision: (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412-13. Factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

State procedural default or failure to exhaust state court remedies will operate as a bar to review unless the petitioner can (1) establish cause for his default and actual prejudice resulting from the alleged violation of federal law, or (2) demonstrate that the failure to consider the petitioner's claims would result in a fundamental miscarriage of justice. *See Gutierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012); *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011).

A petitioner may fulfill the cause requirement in two related ways. First, the petitioner can demonstrate that "some objective factor, external to Petitioner's defense, interfered with his ability to comply with the state's procedural rule." *Gutierrez*, 702 F.3d at 111 (citing *McClesky v. Zant*, 499 U.S. 467, 493 (1991)). Alternatively, the petitioner can establish cause by demonstrating futility — specifically, that "prior state case law has consistently rejected a particular constitutional claim." *Id.* (citing *DiSimone v. Phillips*, 461 F.3d 181, 191 (2d Cir. 2006)). To establish prejudice, the petitioner must demonstrate that the alleged error resulted in "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003) (internal quotation marks and citation omitted).

Even if the petitioner is unable to establish cause and prejudice, the court may excuse the procedural default if petitioner can show that a fundamental miscarriage of justice would result, *i.e.*, "that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (citations omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (alteration in original, internal quotation marks omitted).

In reviewing the instant petition, the court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *Williams v. Kullman,* 722 F.2d 1048, 1050 (2d Cir. 1983) (noting that courts should review *pro se habeas* petitions with a lenient eye). Consequently, the court is obliged to interpret petitioner's pleadings as raising the strongest arguments they suggest. *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009); *Martin v. United States,* 834 F. Supp. 2d 115, 119 (E.D.N.Y. 2011) (citing *Williams,* 722 F.2d at 1050).

## DISCUSSION

### I.   Petitioner's Claims Are Procedurally Barred

Petitioner's claims are procedurally barred because they were rejected by the state trial court on "a state law ground that is independent of the federal question and adequate to support" petitioner's conviction and sentence. *Beard v. Kindler*, 558 U.S. 53 (2009) (*quoting Coleman*, 501 U.S. at 729). As relevant here, the Second Circuit has specifically held that a state court's reliance on C.P.L. § 440.10(2)(c) constitutes an adequate and independent state ground that precludes federal *habeas* review. *See, e.g.*, *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995), *cert. denied*, 520 U.S. 1106 (1997). Under C.P.L. § 440.10(2)(c), a trial court:

> [M]ust deny a motion to vacate a judgment when, [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

C.P.L. § 440.10(2)(c). Some of petitioner's claims must also be denied under C.P.L. § 440.10(2)(a) because petitioner already raised certain claims on direct appeal. *Grey v. Hoke*, 933 F.2d 117, 120–21 (2d Cir. 1991) (noting that collateral review of claims is barred because the issues were previously determined

16

on the merits on direct appeal).  Further, it is well-settled
that a § 440.10 motion "cannot be used as a vehicle for an
additional appeal or as a substitute for a direct appeal."
*Woods v. Heath*, No. 12-CV-02175 NGG, 2013 WL 6092804, at *9
(E.D.N.Y. Nov. 19, 2013) (quoting *People v. Donovan*, 107 A.D.3d
433 (N.Y. App. Div. 2d Dep't 1985)).

Here, the petitioner asserts many of the same claims
that were raised in his § 440.10 motion, often adopting verbatim
the language employed in his post-conviction motion.
Specifically, petitioner claims:

- The Supreme Court's recent decision in *Riley v. California* confirms that the case was improperly decided by the Appellate Division.  The warrantless search of the cell phone was illegal and "none of the justifications offered by the People superseded the privacy interests described in Riley." (*Compare* ECF No. 10, Petitioner's traverse 20 *with* ECF No. 7-23, § 440.10 Mot. ¶¶ 30-31.)
- Material evidence presented at trial was false and known to be false by the prosecutor.  This evidence included testimony that the cell phone was found at the scene instead of on the petitioner's person at the time of arrest. (*Compare* ECF No. 10, Petitioner's traverse 37-39 *with* ECF No. 7-23, § 440.10 Mot. ¶¶ 32-39.)
- The police provided false and misleading information to Ms. Cuestas that the petitioner was arrested with the clothes she described, leading to an improper identification by the complainant. (*Compare* ECF No. 10, Petitioner's traverse 26-30 *with* ECF No. 7-23, § 440.10 Mot. ¶¶ 36-39.)
- Petitioner was deprived of effective assistance of trial counsel because counsel failed to file a motion to re-open the suppression hearing and did not look into why the prosecutor sought a search warrant to search the phone. (*Compare* ECF No. 10, Petitioner's

traverse 40-43 *with* ECF No. 7-23, § 440.10 Mot. ¶¶ 48-58.)

These very claims were denied in the May 27, 2015 Decision and Order by Judge Berkowitz, who observed that petitioner had already raised his Fourth Amendment claim on direct appeal and that petitioner's "reliance on *Riley v. California* to allow opt-out of 440.10(2)(a) is misplaced." (ECF. No. 25, May 17th D&O 2.)  Judge Berkowitz also noted that petitioner could have raised his claim about perjured testimony on direct appeal, but failed to do so.  As a result, the court denied the motion to vacate pursuant to C.P.L. § 440.10(2)(c). (*Id.*)  Finally, the court denied petitioner's ineffective assistance of counsel claim because he did not demonstrate that his counsel failed to "provide meaningful representation."  (ECF No. 7-25 at 2-3 (*People v. Caban*, 5 N.Y.3d 143, 152 (2005).

Petitioner has failed to demonstrate cause and prejudice to warrant review of his procedurally barred claims. As to cause, nothing in the petition or record suggests the presence of an objective factor that interfered with petitioner's ability to properly raise his claims on direct appeal, *see Gutierrez*, 702 F.3d at 111, and petitioner does not contend that New York case law had "consistently rejected" his constitutional claims.  *See DiSimone*, 461 F.3d at 191.  Nor has petitioner shown that his lapse was attributable to errors by

18

his appellate counsel. *See Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994). "A *habeas* petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." *Dunham*, 313 F.3d at 730 (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). In order to meet the "actual innocence" requirement, the petitioner must "support his allegations of constitutional error with new reliable evidence." *Blount v. Napoli*, No. 09-CV-4526 KAM, 2012 WL 4755364, at *14 (E.D.N.Y. Oct. 5, 2012) (quoting *Schlup*, 513 U.S. 298 at 327)). As an initial matter, the court detects no additional evidence in the petition that was not before Judge Peck, the trial judge, when the jury found petitioner guilty of the charges, or before the Appellate Term when it affirmed petitioner's conviction. In addition, the court respectfully rejects petitioner's contention that no reasonable fact-finder could find petitioner guilty of the charges against him. The voluminous record from petitioner's trial includes testimony by both Mrs. and Mr. Cuestas and multiple officers who provided evidence from which the jury found beyond a reasonable doubt that the petitioner was guilty of burglary and responsible for the injuries inflicted upon Officer Collins. Any claims of "actual innocence," to the extent asserted, are thus baseless.

Accordingly, petitioner's claims are denied and dismissed as procedurally barred.  For the avoidance of doubt, however, the court also considers, *infra*, the merits of petitioner's claims.

## I.   Petitioner's Claims Are Meritless

### A. Fourth Amendment Claim

Petitioner argues that he did not have the opportunity to litigate his Fourth Amendment claim at the trial stage because of the People's failure to disclose that the phone was opened at the crime scene.  (ECF No. 10, Petitioner's traverse at 24-25.) The court accepts that petitioner could have brought a Fourth Amendment challenge before the trial court were it not for the late disclosure.  The court, however, agrees with the Nassau County Supreme Court and the Appellate Division that the removal of the battery pack of the cell phone in order to view the serial number was not an illegal search under the Fourth Amendment.  (Opp. 2-7; ECF No. 7-25; ECF No. 7-33.)

Respondent admits, that the version of the crime scene report with the handwritten note, "Opened on 9/29/10 as per Det. Howe to check serial," should have been disclosed prior to trial.  (ECF No. 7-23, Defendant's § 440 Motion, Ex. L; ECF No. 7-8, Defendant's § 330 Motion, Ex. H; ECF No. 10-3, Petitioner's traverse, Ex. L.)  However, respondent also argues that this court should uphold the state court's determination that "the

20

People's failure to disclose a particular document [the crime scene report] to the defense until after the trial does not warrant reversal, since [defendant] failed to show that there was a reasonable possibility that the non-disclosure materially contributed to the result of the trial." (*Id.*; *see also* ECF No. 7-25 (Denying petitioner's § 440 motion on the grounds that the search was not a violation of the Fourth Amendment).)

Criminal defendants have a constitutional right to timely disclosure of all material evidence favorable to the defense. *Brady v. Maryland*, 373 U.S. 83 (1963). However, a failure to disclose evidence only merits granting of the writ of *habeas corpus* if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). The court finds no reasonable probability that the evidence in dispute materially contributed to the result of the trial because (1) the serial number was revealed anyway by a search warrant and (2) the opening of the back of the cellphone was not an illegal search under the Fourth Amendment.

The state obtained a warrant for the cell phone seven months after the arrest and before a verdict was entered in the trial. (ECF No. 10, Petitioner's traverse, at 13, 73; ECF No.

21

7-8, Ex. H.)  Thus, the only unique information that the undisclosed document provided was that the serial number was first discovered on the day of the arrest rather than during discovery.  The serial number itself, and the fact that it was registered to petitioner, would have been revealed at trial either way.  There was no legal basis to suppress the serial number at trial and therefore no reasonable probability that the verdict would have been different.

Petitioner relies on a recent Supreme Court case, *Riley v. California,* in which the court found that police cannot "without a warrant, search digital information on a cell phone seized from an individual who has been arrested." (*Id*. at 19-25; *Riley v. California*, 573 U.S. 373, 378 (2014).)  This precedent is inapplicable to petitioner's case for two reasons. First, because the phone was abandoned at the scene of the crime, petitioner had no reasonable expectation of privacy. Second, the police did not search "digital" content within the cell phone, but rather checked the phone for its serial number, written in a space behind the battery pack.

A court in this district recently heard a case where "during the course of [a] robbery, one of the robbers dropped a cellphone in the apartment where the robbery occurred." *United States v. Quashie*, 162 F. Supp. 3d 135, 140 (E.D.N.Y. 2016).  "[A]n employee of the NYPD went into the telephone and

22

obtained the number without obtaining a warrant. Using this phone number, the police were able to determine that the phone belonged to defendant." *Id.* The court found no Fourth Amendment violation because "[i]f defendant's phone was simply abandoned by him at the apartment where the robbery occurred, he has clearly relinquished his expectation of privacy in the property." *Id.* at 141. Furthermore, the court ruled that *Riley* was inapplicable because, "[Riley] outlines the standard to be applied to a search of a cellphone incident to arrest. It has nothing to do with an abandoned cellphone or even a stolen cellphone." *Id.* at 141-42. When a cellphone is abandoned, it may be searched without a warrant by police. *See United States v. Robinson*, No. 16-CR-545 (ADS)(AYS), 2019 WL 1211431, at *12 (E.D.N.Y. Feb. 27, 2019) (a warrantless search of a cell phone did not violate the Fourth Amendment because "leaving an item in a public place is strong evidence of abandonment."); *see also United States v. Crumble*, 878 F.3d 656, 660 (8th Cir.) ("*Riley's* holding is limited to cell phones seized incident to arrest. *Riley* was explicit that 'other case-specific exceptions may still justify a warrantless search of a particular phone.' Other courts have found abandonment to be one such exception.") (quoting *Riley*, 573 U.S. at 401-402.)

The fact that the information gleaned from the phone was non-digital, identifying information supports the conclusion that the search did not violate the Fourth Amendment. *See United States v. Pacheco,* No. 11-cr-121-A, 2015 WL 3402832, at *6 (W.D.N.Y. May 27, 2015) (Police officers "can legally enter the phone without a search warrant and remove the battery so as to view hard copy phone identification numbers which do not constitute 'digital data' contained within the phone."); *United States v. Lowe*, No. 2:14-CR-00004-JAD, 2014 WL 5106053, at *3 (D. Nev. Oct. 10, 2014), *aff'd*, 676 F. App'x 728 (9th Cir. 2017) ("[I]t was reasonable for the government to remove the back cover of Lowe's cell phone without a warrant because a cell phone's serial number is not the type of 'sensitive personal information' requiring a search warrant under *Riley v. California*."); *United States v. Vega-Cervantes*, No. 1:14-CR-234-WSD, 2015 WL 4877657, at *15 (N.D. Ga. Aug. 13, 2015) ("[Officer] Yates simply removed the battery to view identifying information...The Court finds that this minimally intrusive examination does not implicate the privacy interests at issue in *Riley*.").  The law is clear that officers may legally open the battery pack of a phone to view its serial number and that this does not constitute a Fourth Amendment violation. Therefore, there is no "reasonable probability" that if the fact of the search had been disclosed before trial "the result of the

proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *Bagley*, 473 U.S. at 682).

### B. Harmless Error Determination

On direct appeal, the Appellate Division found that the trial court erroneously admitted the showup identification and in-court identification, both by Mrs. Cuestas. (ECF No. 7-14 at 3.) The Appellate Division found that these two identifications were conducted in circumstances that were "unduly suggestive" and should have been excluded. (*Id*. at 3.) Nevertheless, the court found that the admission of this testimony was "harmless error" because "there was no reasonable possibility that the error might have contributed to the defendant's convictions." (*Id*.) The court also ruled that the description of the burglar was properly admitted. (*Id*. at 2.) Petitioner urges this court to overturn the Appellate Division's finding of "harmless error" and vacate his sentence on the grounds that the erroneously admitted evidence was prejudicial. (ECF No. 10, Petitioner's traverse at 26-31.) The respondent argues that the court should uphold the Appellate Division's ruling. (Opp. 8-10.)

The erroneous admission of identification evidence is subject to harmless error analysis in the context of a *habeas* petition. *Wray v. Johnson,* 202 F.3d 515, 524-25 (2d Cir.2000). The respondent urges the court to affirm the Appellate

Division's application of *Chapman v. California*, 386 U.S. 18 (1967). (Opp. 6-7.) However, "where a state court has explicitly undertaken its own harmless error analysis under the standard set forth in *Chapman,* a *habeas* court should review that determination under the deferential AEDPA standard rather than apply the already-deferential *Brecht* standard." *Francischelli v. Potter*, No. 1:03-CV-6091-ENV, 2007 WL 776760, at *8 (E.D.N.Y. Mar. 12, 2007) (citing *Gutierrez v. McGinnis,* 389 F.3d 300, 306 (2d Cir.2004); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "[U]nder the AEDPA, the federal court does not re-apply *Chapman* and determine the presence or absence of harmless error beyond a reasonable doubt; rather, the issue on *habeas* review is whether the error had a 'substantial and injurious effect' on the jury's determination." *Pearson v. Ercole*, No. CV-06-5315(BMC), 2007 WL 2128350, at *1 (E.D.N.Y. July 25, 2007), *aff'd*, 310 F. App'x 445 (2d Cir. 2009). Though there is some dispute as to whether the standard laid out in *Brecht* retains relevance in this context, the "substantial and injurious effect" analysis remains the same. *See Ryan v. Miller* 303 F.3d at 254 (2d Cir. 2002). Unlike in a *Chapman* analysis, "[h]abeas relief is not appropriate [under AEDPA/*Brecht*] when there is merely a 'reasonable possibility' that trial error contributed to the verdict." *Clark v. Cunningham*, No. 09-CV-

3578 JFB, 2014 WL 1399416, at *20 (E.D.N.Y. Apr. 10, 2014)

(citing *Bentley v. Scully,* 41 F.3d 818, 824 (2d Cir.1994)).

In determining whether the admitted evidence was

substantial and injurious, "[t]he principal factors to be

considered are the importance of the witness's wrongly admitted

testimony, and the overall strength of the prosecution's case."

*Wray,* 202 F.3d at 524–25. The erroneous admission of the showup

and in-court identification was harmless error in light of the

other, overwhelming evidence presented by the prosecution at

trial.  Petitioner matched the description given to police, was

arrested in close spacial and temporal proximity to the crime,

fled from and fought with police, had a $495 in cash on his

person when $500 was reported stolen, and left a cellphone

registered to him at the scene of the crime.  (Tr. 348, 352–54,

392, 526, 660, 663–65, 751, 800–802, 805–806.)  These facts are

substantially the same as the facts which led the Appellate

Division to its finding of harmless error under *Chapman*.  (ECF

No. 7-14 (Defendant "matched the complainant's description of

the perpetrator, was apprehended in close proximity to the scene

of the crime, after demonstrating consciousness of guilt by

fleeing from police officers and engaging in a violent struggle

with them.  The wad of cash recovered from his person was

similar to the amount stolen from the complainant's husband's

wallet. In addition, the defendant's cell phone was recovered

from the complainant's backyard.").)  Although Mrs. Cuestas'
showup testimony and her in-court identification were presented
to the jury, they were unnecessary to identify petitioner as the
burglar in light of petitioner's cellphone being discovered at
the scene of the crime. (Tr. 800-802, 805-806.)

Moreover, petitioner's consciousness of guilt, demonstrated
by his attempt to flee and fight the police strongly supported
his conviction. *See United States v. Al-Sadawi*, 432 F.3d 419,
425 (2d Cir. 2005) (quoting *United States v. Silverman,* 861 F.2d
571, 582 n. 4 (9th Cir.1988) ("[e]vidence that a
defendant fled immediately after a crime was committed supports
an inference that the flight was motivated by
a consciousness of guilt of that crime.").  The court is
confident of its conclusion, given that the *Brecht* and *AEDPA*
standards which govern *habeas* petitions are more deferential
than the *Chapman* standard applied by the Appellate Division.
(*See* ECF No. 7-14 at 2-3; *Clark,* WL 1399416, at *20.)

### C. Introduction of Perjured Testimony

Petitioner alleges that the prosecution knowingly
introduced two pieces of perjured testimony and urges the court
to vacate the conviction on that basis.  (ECF No. 10,
Petitioner's traverse, ¶¶ 38-42.) First, petitioner asserts, as
he did at trial, that police discovered his cell phone on his
person, rather than in the Cuestas' yard, and any testimony that

28

the cell phone was found in the yard was "patently tailored to negate the constitutionally objectionable behavior on the part of the police and prosecutor." (*Id.* ¶ 39.) Second, Petitioner argues that he was not wearing the jacket mentioned by Mrs. Cuestas in her description to police. (*Id.* ¶ 40.) During her testimony at trial, Mrs. Cuestas stated that she had asked the police officers during the second showup why petitioner was not wearing the jacket he was wearing at the time of arrest. (*Id.;* Tr. 736.) Mrs. Cuestas asked that the jacket be put back on, but the police officer said no. (*Id.*) Petitioner claims that the police lied about removing the jacket to Mrs. Cuestas during the showup, and further claims that he was never wearing a jacket. (*Id.* ¶¶ 38-42.)

Petitioner could have raised this claim on direct appeal, but failed to do so. (ECF No. 7-25 at 2.) Petitioner's claim of perjury was, therefore, denied by the Nassau County Supreme Court in accordance with C.P.L. § 440.10(2)(c). (*Id.*) Under AEDPA, a state court's factual findings receive a "presumption of correctness and may not be disturbed except upon a showing of 'clear and convincing evidence.'" *Drake v. Portuondo*, 321 F.3d 338, 345 (2d Cir. 2003) (citing 28 U.S.C. § 2254(e)(1).) This court concludes that petitioner's claim is procedurally barred, and petitioner has failed to provide clear

and convincing evidence that knowingly perjured testimony was introduced at trial, but this court will nonetheless address the merits of the claim.

A claim that a conviction was based on perjured testimony is reviewed under the Due Process Clause of the Fourth Amendment. *Duncan* v. *Fischer,* 410 F.Supp.2d 101, 116 (E.D.N.Y.2006). In order to warrant *habeas* relief petitioner must demonstrate "(1) 'the prosecution knew, or should have known, of the perjury,' and (2) 'there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.' " *Drake* v. *Portuondo,* 321 F.3d 338, 345 (2d Cir. 2003) (quoting *United States* v. *Agurs,* 427 U.S. 97, 103 (1976)). Petitioner fails to meet this standard.

In support of his first allegation of perjury, petitioner points to a statement by the prosecutor at his arraignment that, "the cell phone of the victim was found at the scene of the fight with the police officers." (ECF No. 10-3, Petitioner's traverse at Ex. J; ECF No. 7-1 at 2.) Petitioner also argues that an ECAB report and a Scene Recovery Report as not showing his cell phone on the scene. (ECF No. 10-3, Petitioner's traverse, Ex. I, Ex. K.) Addressing petitioner's arguments in reverse order, the court notes that the ECAB report clearly lists "Defendant's cell phone (found at scene – recovering Officer unknown)" along with "Screwdriver found at

scene" and "Complainant's pocketbook recovered at scene." (*Id.*, Ex. K.)  Similarly, the Scene Recovery Report lists a "Kyocera Metro PCS cell phone" as being found in the same place as the other items recovered from the victim's backyard. (*Id.*, Ex. I.) Petitioner's argument that the "recovering officer unknown" label was not also attached to the screwdriver and pocketbook is unconvincing. (*Id.* 38.)  Petitioner's assertion that the Scene Recovery Report "does not list the cell phone as one of the items recovered at the scene of the burglary" is flatly contradicted by the document itself. (*Id.* Ex. I.)

As to the statement by the prosecutor that "the cell phone of the victim was found at the scene of the fight with the police officers," it seems clear that the prosecutor misspoke. (ECF No. 7-1 at 2.)  The prosecutor's statements, whether at arraignment or trial, are not evidence.  Moreover, evidence at trial established that the cell phone was found at the scene of the burglary, rather than the scene of petitioner's fight with arresting officers. (*See* Opp. 12-13.)  Petitioner asserts that the prosecutor's statement at arraignment is proof the prosecution was aware the cell phone was found on his person and/or planted in the backyard. (ECF No. 10, Petitioner's traverse at 38.)  Petitioner's argument is not tenable, especially in light of the fact that both the police reports and Mr. Cuestas, an independent witness, placed petitioner's cell

phone in the victim's yard soon after the crime was committed. (Tr. 352-54, 747, 799, 801-02.)  Though the evidence regarding the location of the cell phone at the time it was found by police may have been important to the result of the trial, petitioner has failed to prove that evidence was perjured or that that the prosecutor had knowledge of perjury. *See Drake*, 321 F.3d at 345.

Finally, petitioner's argument that he was not wearing the jacket and/or that the police did not voucher the jacket does not support petitioner's assertion of perjury. (ECF No. 10, Petitioner's traverse at 38-39.)  Petitioner contends that because the jacket was never submitted into evidence, the prosecution was aware that the officers fabricated testimony regarding the removal of the jacket. (ECF No. 10, Petitioner's traverse, ¶ 41.)  Petitioner does not refer to any evidence that the prosecution was aware of the allegedly false testimony regarding the removal of the jacket or that the false testimony by the officers was material to the verdict reached at trial. *See Drake*, 321 F.3d at 345.  The petition is denied to the extent it alleges perjured testimony was used to convict petitioner.

### D. Ineffective Assistance of Counsel

Petitioner claims that he received ineffective assistance of counsel. (ECF No. 10, Petitioner's traverse at

40-43.)  He argues that his trial counsel rendered deficient assistance that prejudiced the result of his trial by (1) failing to re-open a suppression hearing when he discovered the cell phone had been opened and (2) failing to "investigate" why the prosecutor sought a search warrant on the phone.  (*Id.* at 42.)  He argues that had the suppression hearing been re-opened the evidence regarding the cell phone would have been suppressed.  (*Id.*)  Petitioner's argument regarding his counsel's failure to "investigate" apparently relates to his theory that the cell phone was found at the scene of his arrest and that evidence that the cell phone was found in the Cuestas' yard was false or fabricated.  (*Id.* at 29, 42.)

Under the governing standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must show (1) counsel was deficient and (2) counsel's error(s) prejudiced petitioner's case.  *Id.* at 688-89; *Premo v. Moore*, 562 U.S. 115, 122 (2011).  Petitioner may prove the first prong by showing that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  However, a reviewing court must be "highly deferential" and avoid "second guess[ing]" counsel's decisions so long as they are within the "wide range of reasonable professional assistance." *Id.* at 689.  Petitioner can demonstrate prejudice by establishing "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."
*Id.* at 694.

Counsel's failure to move to reopen the suppression
hearing was not deficient for two reasons. First, the
revelation that the back of the cell phone was opened at the
scene by police occurred after the verdict was entered. (ECF
No. 10, Petitioner's traverse at 73-74.) This would have made
any motion to reopen the suppression on that basis untimely.
*People v. Taylor*, 36 A.D.3d 562, 562-63 (2007) ("The court
properly denied, as untimely defendant's post-verdict motion to
reopen the suppression hearing."). Second, "[w]here defense
counsel's failure to litigate a Fourth Amendment claim
competently is the principal allegation of ineffectiveness, the
defendant must also prove that his Fourth Amendment claim is
meritorious and that there is a reasonable probability that the
verdict would have been different absent the excludable evidence
in order to demonstrate actual prejudice." *Kimmelman v.
Morrison*, 477 U.S. 365, 375, 106 S. Ct. 2574, 2583, 91 L. Ed. 2d
305 (1986); *Maldonado v. Burge*, 697 F. Supp. 2d 516, 526
(S.D.N.Y. 2010) ("the Supreme Court [in Kimmelman] did not mean
to imply that 'meritorious' suppression motion is one that is
merely colorable, or that the prejudice prong of *Strickland* is
satisfied whenever a party raises a colorable suppression
claim."). Petitioner's argument that the search of the cell

phone was a violation of his Fourth Amendment rights under *Riley v. California* has been rejected before by multiple courts, as well as this one. (*See* ECF No. 7-25 at 2; ECF No. 7-33 at 1-3; *Supra.*)  As such petitioner cannot demonstrate either deficiency or prejudice stemming from counsel's failure to reopen the suppression hearing.

### E. Discovery Violation

Petitioner argues that the prosecution's failure to turn over the copy of the crime scene report with a handwritten note before trial, as required under *People v. Rosario,* 9 N.Y. 286 (1961) merits vacatur.  (ECF No. 10, Petitioner's traverse at 70-84.)  The note read "Opened...as per Det. Howe to check serial" and showed that the cellphone's serial number had been examined at the crime scene, before prosecutors obtained a warrant for it seven months later.  (*Id.* at 13, 73; ECF No. 7-8, Ex. H.)

*Rosario* violations are not cognizable in *habeas* corpus proceedings because they are purely errors of state law.  *Green v. Artuz*, 990 F. Supp. 267, 274 (S.D.N.Y. 1998) ("the failure to turn over *Rosario* material is not a basis for habeas relief as the *Rosario* rule is purely one of a state law."); *Morrison v. McClellan*, 903 F. Supp. 428, 429 (E.D.N.Y. 1995) ("Any error under *Rosario* at trial would be a violation of state law, and, thus, not subject to review under a petition for a writ of

habeas corpus."); *Madison v. Colvin*, No. 17-CV-7250, 2019 WL
3321748, at *9 (E.D.N.Y. July 24, 2019) ("[Because] an
alleged *Rosario* violation is based upon state law, it
'does not present a federal constitutional question upon which
federal habeas corpus relief can be granted.'") (quoting *Curry
v. Bennett*, No. 02-CV-3655, 2003 WL 22956980, at *12 (E.D.N.Y.
Oct. 17, 2003)).  If defendant had brought a claim under the
equivalent federal statute to *Rosario*, it would not be
cognizable either.  *See* 18 U.S.C. § 3500; *Jencks v. United
States,* 353 U.S. 657, 77 (1957); *Morrison*, 903 F. Supp. at 429
("Although [*Rosario*] is generally considered to be New York's
counterpart to a federal rule based on *Jencks*...the *Jencks* rule
has not been construed as constitutional in nature."); *Madison*,
2019 WL 3321748, at *9 ("Even construing the Petition to raise
such a claim, the *Jencks* disclosure requirement is not compelled
by the Constitution.") (citing *Bogan v. Bradt*, No. 11-CV-1550,
2017 WL 2913465, at *5 (E.D.N.Y. July 6, 2017) (collecting cases
finding *Rosario* and *Jencks* claims are not cognizable in *habeas*
corpus petitions)).

    Even if the *Rosario* claim were reviewable by this
court, it is meritless.  The Nassau County Supreme Court and the
Appellate Division found that the failure to disclose did not
warrant reversal because "[petitioner] failed to show that there
was 'a reasonable possibility that the non-disclosure materially

contributed to the result of the trial.  (ECF No. 7-10; ECF No. 7-14 at 3 (quoting *People v. Jinshi Li*, 140 A.D.3d 704, 705).) This court agrees that the time that police opened the back of the phone was not "material" to the verdict, as the state would still have traced the serial number back to defendant after the state obtained a warrant.  (ECF No. 7-14 at 3.)

### F. Improper Amendment Claim

Petitioner claims, as he did on appeal, that the prosecution's amendment of the burglary charge was improper. (ECF No. 10, Petitioner's traverse at 92-98; ECF No. 7-11 at 77-83.)  The original indictment stated that four police officers were injured as part of the "physical injury" element of first-degree burglary.  (ECF No. 10, Petitioner's traverse at 92; C.P.L. § 140.30 (2); N.Y. Penal Law § 10.00.)  The amended indictment struck three of the names and only alleged that Officer Collins was physically injured within the meaning of the statute.  (*Id.*)

Even if this court had the authority to consider plaintiff's substantive claims, they are meritless.  C.P.L. § 200.70 allows an indictment to be amended "at any time before or during trial...when such amendment does not change the theories or theory of the prosecution."  Changing the name(s) of the victim(s) does not alter an essential element of the charge and so the trial court was well within the permissible range of

discretion when it allowed the amendment.  (Tr. 850-853, 956-57;
*People v. Rivera,* 268 A.D.2d 445 (2000) ("the identity of the
intended target is not an essential element...Therefore, the
court's charge to the jury was a permissible constructive
amendment to the indictment in that it neither changed the
theory of the prosecution nor otherwise prejudiced the defendant
on the merits.").

### G. Weight-of-Evidence Claim

Defendant asserts that his conviction at trial was
contrary the "weight of the evidence" and that "[t]he Court has
the authority under CPL § 450.15(5)" to vacate petitioner's
conviction.  The court disagrees.  "A 'weight of the evidence'
argument is a pure state law claim grounded in the criminal
procedure statute," which is not reviewable in a federal *habeas*
proceeding.  *Bester v. Conway*, 778 F. Supp. 2d 339, 345
(W.D.N.Y. 2011) However, if the petitioner is *pro se*, a court
can liberally construe a "weight of the evidence" claim as a
"legal sufficiency" claim, which is cognizable upon federal
review.  *Id.* (citing *Davis v. McLaughlin,* 122 F.Supp.2d 437, 441
(S.D.N.Y.2000)).  Even if the court construes petitioner's
"weight of the evidence" claim as a legal sufficiency claim, it
is still meritless.

When assessing a legal sufficiency claim the court
must ask whether "after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).  Petitioner specifically challenges the sufficiency of the evidence for his assault in the second degree and burglary in the first-degree convictions.  (ECF No. 10, Petitioner's traverse at 104-110.)  In New York a defendant commits assault in the second degree when, "with intent to prevent a police officer...from performing a lawful duty...[defendant] cause[s] physical injury to such...police officer."  C.P.L. § 120.05(3). Petitioner engaged in a prolonged and violent struggle with police officers in which he hit, kicked and even bit one of the officers.  (*Id*. 361-64, 398-402, 528-30, 560-68, 586-94, 630-641 645, 649, 657-61.)  Specifically, petitioner was convicted in connection to injuries inflicted to Officer Collins, who had to seek medical attention and missed work due to bruises, cuts, welts, swelling and bleeding.  (*Id*. 586-94, 600-03, 630-641 645, 647-49.)  Petitioner's arguments, that Collins did not suffer a "physical injury," defined as "impairment of physical condition or substantial pain," are unconvincing.  (ECF No. 10, Petitioner's traverse at 91-93; N.Y. Penal Law § 10.00; *People v. Haynes*, 104 A.D.3d 1142, 1143 (2013) ("Factors relevant to an assessment of substantial pain include the nature of the injury, viewed objectively, the victim's subjective description of the

39

injury and his or her pain, whether the victim sought medical treatment, and the motive of the offender."). The conviction for assault in the second degree was supported by sufficient evidence.

Petitioner similarly challenges his conviction for burglary in the first degree, using the same assertions that the account provided by Mrs. Cuestas described him as being taller and wearing slightly different clothing. (ECF No. 10, Petitioner's traverse at 106-108; Tr. 430-31, 729, 735-36, 760.) These differences are unremarkable, especially in light of the fact that the initial description was provided to police by a frightened victim who saw the perpetrator for a brief moment, "in minimal light." (ECF No. 10, Petitioner's traverse at 105.) The legal sufficiency analysis must be based on state law elements of the crime and the evidence supporting the conviction must be viewed as a whole. *Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir.1996). "A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime...[c]auses physical injury to any person who is not a participant in the crime." C.P.L. § 140.30. Petitioner matched the description provided by the victim in most respects, was arrested in close

40

spacial and temporal proximity to the crime, fled from, fought with and injured at least one police officer, had a $495 in cash on his person when $500 was reported stolen, and left a cellphone registered to him at the scene of the crime. (Tr. 348, 352-54, 392, 526, 660, 663-65, 751, 805-806.) This evidence is amply sufficient to support a conviction for first degree burglary under New York law.

## CONCLUSION

For the forgoing reasons, the petition for a writ of *habeas corpus* is DENIED in its entirety. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). The clerk is respectfully directed to enter judgment in favor of respondent, close this case, and send a copy of this Memorandum and Order and the judgment to the petitioner at his last known address and note service on the docket.


**SO ORDERED.**

Dated:      November 18, 2020
            Brooklyn, New York


                                    /s/
                        _____
                        Hon. Kiyo A. Matsumoto
                        United States District Judge